[Cite as *State v. Casler*, 2021-Ohio-857.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| RONALD L. CASLER | : | Case No. 20-COA-025 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas Case No. 20-CRI-063


JUDGMENT:     Affirmed


DATE OF JUDGMENT:     March 19, 2021


APPEARANCES:

For Plaintiff-Appellee                                    For Defendant-Appellant

CHRISTOPHER R. TUNNEL                      MATTHEW J. MALONE
AMY R. INZINA                                          10 East Main Street
110 Cottage Street                                    Ashland, OH  44805
Ashland, OH  44805

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Ronald L. Casler appeals the July 8, 2020 judgment of conviction and sentence of the Ashland County Court of Common Pleas. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   A recitation of the underlying facts is unnecessary for our resolution of this appeal. On April 9, 2020, the Ashland Grand Jury returned an indictment charging Casler with one count of rape and one count of sexual battery. Said offenses involved a minor and were alleged to have occurred between November 27, 1995 and May 14, 1995.

{¶ 3}   On May 21, 2020, Calser withdrew his previously entered pleas of not guilty and entered a plea of guilty to one count of sexual battery. The state dismissed the rape charge. Following a pre-sentence investigation the trial court sentenced Casler to a five-year prison term.

{¶ 4}   Casler filed an appeal and the matter is now before this court for our consideration. He raises one assignment of error as follows:

I

{¶ 5} "APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AS WELL AS ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, BY HIS TRIAL COUNSEL'S FAILURE TO FILE A MOTION TO DISMISS APPELLANT'S CHARGES BASED ON THE STATE'S FAILURE TO PROSECUTE APPELLANT WITHIN THE APPLICABLE STATUTE OF LIMITATIONS."

{¶ 6} In his sole assignment of error, Casler argues because the statute of limitations had expired by the time the state indicted him for rape and sexual battery, his trial counsel should have filed a motion to dismiss. We disagree.

{¶ 7} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 104 S.Ct. 2052.

{¶ 8} Before July 16, 2015, the statute of limitations for sexual battery was 20 years. On July 16, 2015, however, the statute of limitations for sexual battery increased from 20 to 25 years. R.C. 2901.13(A)(4); 2015 H.B. No. 6. If prosecution would not have been barred under the previous 20-year statute of limitations as of July 15, 2015, the increase was retroactive. R.C. 2901.13(L).

{¶ 9} In this case, the state would not have been barred under the prior statute of limitations as of July 15, 2015. The sexual battery took place from November 27, 1995 through May 14, 1996. Using the November date, 19 years and eight months had elapsed as of July 15, 2015. Thus, the 25-year statute of limitation applies here. Casler was indicted on April 9, 2020, 24 years and 5 months from the time of the sexual battery, well within the 25-year statute of limitations.

{¶ 10} Because Casler was indicted within the applicable statute of limitations, a motion filed by counsel seeking to dismiss the charges based on charges brought outside the statute of limitations would have been denied. Counsel's performance therefore, was not deficient.

{¶ 11} The sole assignment of error is overruled.

{¶ 12} The judgment of the Ashland County Court of Common Pleas is affirmed.

By Wise, Earle, J.

Baldwin, P.J. and

Gwin, J. concur.

EEW/rw